UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. BEAVERS,<br><br>                      Plaintiff,<br><br>    v.<br><br>OFFICER ENRIQUES, et al.,<br><br>                      Defendants. | Case No.  2:23-cv-01835-WLH-KES<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation ("R&R") of the United States Magistrate Judge (Dkt. 8).  Further, the Court has engaged in a de novo review of those portions of the R&R to which objections (Dkt. 11) have been made.

      The filing at Dkt. 11 is objections to the R&R, not a First Amended Complaint.  The Court so construes Dkt. 11, even though the document is labeled "First Amended Complaint," for the following reasons: (1) unlike a complaint, it contains legal points and authorities; (2) unlike a complaint, it does not have separate legal claims and a prayer for relief; (3) Plaintiff did not timely file any

other objections to the R&R, and (4) most importantly, it discusses with which portions of the R&R Plaintiff agrees or disagrees. For example, it says that Plaintiff "agrees with the [magistrate judge's] assessment with regards to the property claim" about damage to Plaintiff's television being misjoined. (Dkt. 11 at 1, referring to the R&R.) It also argues that Plaintiff's claims against the Reasonable Accommodation Panel ("RAP") are not misjoined (contrary to the R&R's determination), because the RAP Defendants were "complicit" in a conspiracy between Defendants Enriques and Uriah to leave Plaintiff in too-tight handcuffs, injuring his wrist. (Dkt. 11 at 2.) While some pages look like numbered allegations (see id. at 5-8), the Court understands these allegations to be proposed amendments that Plaintiff could make if the District Judge rejected the R&R and granted Plaintiff leave to amend to attempt to show how all his claims are properly joined. This understanding is based on Plaintiff's inclusion of allegations against the RAP Defendants (Dkt. 11 ¶¶ 12-14) and other claims that the R&R determined were misjoined, such as (1) being left out in the rain (id. ¶ 18); and (2) correctional staff breaking Plaintiff's television (id. ¶¶ 22-23).

The Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge. The Court orders as follows:

(1) The RAP Defendants[1] and Doe Defendants are dismissed without prejudice but without leave to amend to re-plead claims against them in this action;

(2) Any future amendments to the operative complaint shall be limited to claims against Defendants Enriques and Uriah; and

---

[1] The RAP Defendants are (1) Chief Medical Executive Haar; (2) Health Grievance Coordinator D. Vo; (3) Health Care Compliance Analyst C. Radis; (4) Correctional Counselor I. C. Tomasini; (5) Psychologist S. Sindel, Correctional Supervisor Reynoso; (6) Associate Warden Gaughan; and (7) CMC Associate Governmental Program Analyst K. Lino. (Dkt. 1 at 4, 10.)

(3) If Plaintiff wishes to file a First Amended Complaint limited to claims against Defendants Enriques and Uriah, then he may do so within twenty-one (21) days of the date of this Order. Alternatively, if he does not file a timely First Amended Complaint, then the Magistrate Judge will authorize service of the Complaint only on Defendants Enriques and Uriah in their individual capacity.

DATED: 9/8/2023

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE